## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WALTER CHRUBY,              :

        Plaintiff,        :

v.                   :      **1:09-CV-01641**

                         :      **(JUDGE MARIANI)**

JEFFREY A. BEARD, et al.,     :

        Defendants.     :

### MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court are Plaintiff Walter Chruby's motions to vacate (Doc. 188) and to supplement. (Doc. 191). Chruby moves to vacate the Court's December 19, 2012 Order (Doc. 185) adopting the parties' Stipulation of Voluntary Dismissal and the Court's January 4, 2013 Order (Doc. 187) dismissing Plaintiff's remaining claim. On April 24, 2014, Plaintiff filed a motion to supplement (Doc. 191) his motion to vacate. The Court will grant Chruby's motion to supplement; however, for the reasons set forth below, his motion to vacate will be denied.

### II. STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

On November 17, 2011, Plaintiff filed a Third Amended Complaint against several employees of the Pennsylvania Department of Corrections, Prison Health Services, Inc. ("PHS"), and several employees of PHS. (Doc. 148). The four-count Complaint alleged Eighth Amendment violations (Counts I and II), breach of contract (Count III), and medical malpractice (Count IV). On July 12, 2012, the case was referred to Magistrate Judge Blewitt to conduct

settlement negotiations (Doc. 164), and Magistrate Judge Blewitt ordered settlement conferences. (Docs. 167, 180).

Although the parties were unable to settle, Chruby agreed to voluntarily dismiss his Eighth Amendment claims (Counts I and II) and his medical malpractice claim (Count IV). (Doc. 184). On December 19, 2012, the Court accepted the parties' Stipulation of Voluntary Dismissal. (Doc. 185). As a result, only Plaintiff's breach of contract claim (Count III) remained. (Doc. 184). On January 4, 2013, the Court issued an Order declining to exercise supplemental jurisdiction over Chruby's remaining state law claim and dismissed the Third Amended Complaint. (Doc. 187).

On February 1, 2013, Plaintiff filed a complaint in the Dauphin County Court of Common Pleas (Doc. 188 at ¶ 16) seeking to transfer his remaining breach of contract claim to state court. *Chruby v. Beard, et. al,* No. 555 M.D. 2013, at 2 (Pa. Commw. Ct. 2014) (Doc. 191-4). Plaintiff filed a civil cover sheet, a certified copy of this Court's January 4, 2013 Order, and a certified copy of the docket sheet. *Id.* at 2-3. Chruby did not file a certified copy of the federal pleadings. *Id.* at 3. On June 20, 2013, the Dauphin County Court of Common Pleas issued an order transferring the case to the Cumberland County Court of Common Pleas on the ground that the Dauphin County Court lacked jurisdiction and venue. *Id.*

Defendants then filed a motion to transfer the case to the Pennsylvania Board of Claims or the Commonwealth Court. *Id.* On August 22, 2013, the Cumberland County Court of Common Pleas transferred the case to the Commonwealth Court. *Id.* Because Chruby failed to file a certified copy of the federal pleadings with any of the state courts, in contravention of 42 Pa.

Cons. Stat. § 5103, the Commonwealth Court found that his breach of contract claim was time-barred and dismissed his complaint. *Id*. at 11-12.

While his state claim was being litigated, Chruby filed a motion to vacate, pursuant to Fed. R. Civ. P. 60(b)(1), (3), and (6), in this Court seeking to set aside the December 19, 2012 Order (Doc. 185) adopting the Stipulation of Voluntary Dismissal and the January 4, 2013 Order (Doc. 187) dismissing Plaintiff's remaining claim. (Doc. 188). After the Commonwealth Court dismissed his breach of contract claim, Plaintiff filed a motion to supplement (Doc. 191) his motion to vacate, asking this Court to take judicial notice of the Commonwealth Court's order.

### III. ANALYSIS

Fed. R. Civ. P. 60(b) provides, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . misrepresentation, or other misconduct by an opposing party; . . . or (6) any other reason that justifies relief."

### A. Rule 60(b)(3)

Plaintiff's primary basis for his motion to vacate is Rule 60(b)(3). (Doc. 188 at ¶ 29). "To prevail under Rule 60(b)(3), the movant must establish that (1) the adverse party engaged in fraud or other misconduct, and (2) this conduct prevented the moving party from fully and fairly presenting his case." *Floorgraphics Inc. v. News Am. Mktg. In-Store Servs., Inc.*, 434 F. App'x 109, 111-12 (3d Cir. 2011) (quoting *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983) (brackets omitted)). "In order to sustain the burden of proving fraud and misrepresentation under

3

Rule 60(b)(3), the evidence must be clear and convincing." *Id.* at 111 (quoting *Brown v. Pennsylvania R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960)).

As an initial matter, although Chruby asks this Court to reinstate the Third Amended Complaint in its entirety, his arguments focus solely on his breach of contract claim. Plaintiff proffers no arguments or evidence regarding Counts I, II and IV. Accordingly, the Court will deny Chruby's motion to vacate the December 19, 2012 Order accepting the parties' Stipulation of Voluntary Dismissal of Counts I, II and IV. (Doc. 185).

With regard to Count III and the Court's January 4, 2013 Order (Doc. 187), Plaintiff argues that Defendants "suggested" that they "desired that the action be heard by a state court." (Br. in Supp., Doc. 189, at 5-6). According to Chruby, this "suggestion" was fraudulent and misleading because Defendants later asserted procedural defenses to his breach of contract claim in state court. (*See id.* at 6). In essence, Chruby's argument extrapolates from the Stipulation of Voluntary Dismissal that Defendants agreed to waive all of their potential procedural defenses and allow his breach of contract claim to be heard on the merits in state court. (*See id.*). However, such an extrapolation has no foundation in the Stipulation of Voluntary Dismissal, which states:

> The Parties to this action, by and through their undersigned Counsel, pursuant to F.R.C.P. rule 41(a)(1)(A)(ii) hereby stipulate and agree to the voluntary dismissal of the following Counts and Defendants with prejudice: Count I – 8th Amendment Medical Injunction; Count 2 – 8th Amendment Medical; Count 4 – Medical Malpractice; Defendants Pitkins, Noel, Ellers, Thomas, Aiken, Ginchereau, Walker, Rosen, Lentz, Salameh, and Jane and John Does. The remaining Count and Defendants is/are: Count 3 – Breach of Contract; Beard, Wetzel, Kowalewski and PHS. Agreed to this 18th day of December, 2012.

4

(Doc. 184).

Not only is the Stipulation silent as to any alleged agreement regarding where Chruby's

remaining claim would be litigated, or whether Defendants would waive any affirmative

defenses, Defendants deny that such an agreement was made. According to Defendants,

> There may have been brief comments regarding whether the Court would retain
> supplemental jurisdiction over the remaining state law claim. There may have
> been brief comments that if the Court declined supplemental jurisdiction that left
> Plaintiff to pursue his remaining claim in the appropriate state forum. However, at
> no time did Defense counsel discuss in detail with Plaintiff's counsel, let alone
> agree, as to a specific tribunal where the case would proceed in the event Plaintiff
> did not follow through with settlement and the civil rights and medical claims were
> withdrawn. At no time did Defense counsel discuss, let alone waive, any
> affirmative defenses.

(Br. in Opp., Doc. 190, at 4-5).

Plaintiff proffers no affidavit, or any other evidence, contradicting Defendants'

contentions. Thus, there is no evidence, let alone clear evidence, that Defendants committed of

fraud, misrepresentation, or other misconduct. *See Floorgraphics*, 434 F. App'x at 111-12.

Moreover, there is no evidence that Defendants' actions prevented Plaintiff from litigating

his breach of contract claim on the merits. As discussed below, the Commonwealth Court did

not dismiss Chruby's complaint due to Defendants' actions. Instead, the dismissal was

predicated upon his counsel's failure to comply with the requirements of state law.

In sum, Plaintiff is not entitled to relief under Rule 60(b)(3).

### B. Rule 60(b)(1)

In the alternative, Chruby seeks relief under Rule 60(b)(1). (Doc. 188 at ¶ 31). Plaintiff

asserts, "As a result of the Commonwealth Court's dismissal of the State Action, Plaintiff is now

left without legal recourse if this Court does not reopen the instant matter." (Doc. 191 at ¶ 19).

"The inadvertent mistake of Chruby's counsel, in filing a certified copy of the docket as opposed

to a certified transcript of the pleadings, should not be the dispositive reason Chruby cannot

have his case heard on the merits by a tribunal." (*Id.* at ¶ 12).[1]

The Commonwealth Court held that "the statute of limitations has run on Mr. Chruby's

action due to his failure to properly transfer the matter to state court pursuant to the mandates of

42 Pa. C.S. § 5103." (Doc. 191-4 at 5). "Section 5103 allows a party to transfer a case

dismissed by a federal court on jurisdictional grounds to an appropriate state court, bringing with

the case its federal filing date for purposes of the statute of limitations." *Kelly v. Hazleton Gen.*

*Hosp.,* 837 A.2d 490, 493 (Pa Super. Ct. 2003). Section 5103 provides:

> (a) **General rule**.--If an appeal or other matter is taken to or brought in a court ...
> which does not have jurisdiction of the . . . matter, the court . . . shall not . . .
> dismiss the matter, but shall transfer the record thereof to the proper tribunal of
> this Commonwealth, where the . . . matter shall be treated as if originally filed in
> the transferee tribunal on the date . . . first filed in a court[.] . . .
>
> (b) **Federal cases**.--
>> (1) Subsection (a) shall also apply to any matter transferred . . . by any
>> United States court for a district embracing any part of this
>> Commonwealth. . . .
>>
>> (2) Except as otherwise prescribed by general rules, or by order of the
>> United States court, such transfer may be effected *by filing a certified
>> transcript of the final judgment of the United States court and the related
>> pleadings in a court* . . . of this Commonwealth. The pleadings shall have
>> the same effect as under the practice in the United States court, but the

---

[1] Plaintiff also attempts to repurpose his argument regarding Defendants' alleged misrepresentations as a ground for relief under Rule 60(b)(1). (Doc. 188 at ¶ 31; Doc. 189 at 8). Since the Court has already found that Plaintiff proffers no evidence demonstrating that the alleged misrepresentations occurred, the Court also rejects Chruby's contention that he mistakenly relied on the alleged misrepresentations.

> transferee court . . . may require that they be amended to conform to the
> practice in this Commonwealth. . . .

42 Pa. Cons. Stat. §5103.

Because Plaintiff "failed to comply with the mandate of Section 5103 in that he never filed any of the federal pleadings, certified or otherwise, with" any of the state courts, the Commonwealth Court concluded that "his failure to do so clearly precludes any tolling of the relevant period of limitation on his original breach of contract claim[.]" (Doc. 191-4 at 11). There is no dispute that Plaintiff did not file a copy of the pleadings when he attempted to transfer his breach of contract claim to state court. (Doc. 191-3 at ¶ 31).

"Rule 60(b)(1) permits a district court to grant relief from a final judgment based upon 'excusable neglect.'" *Perry v. Pennsylvania*, 328 F. App'x 785, 787 (3d Cir. 2009). Generally, "inadvertence, ignorance of the rules, or mistakes construing the rules do not . . . constitute 'excusable' neglect[.]" *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 392, 113 S. Ct. 1489, 1496, 123 L. Ed. 2d 74 (1993). "Neither ignorance nor carelessness on the part of a litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Andrews v. Time, Inc.*, 690 F. Supp. 362, 364 (E.D. Pa. 1988) (quoting *Ben Sager Chemicals Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)); *see also Dively v. Seven Springs Farm, Inc.*, 2012 WL 5818319, at *2 (W.D. Pa. 2012) ("Courts generally construe averments of attorney deficiencies as insufficient to justify relief under Rule 60(b)(1)."); *Thompson v. Toyota Motor Corp.*, 157 F.R.D. 10, 13 (D.N.J. 1994) (noting "several courts in recent years have reaffirmed

the longstanding principle that an attorney's ignorance, carelessness, or mistake of law do not present grounds for relief under Rule 60(b)").

The Third Circuit has stated, "The test for 'excusable neglect' is equitable, and requires us to weigh the 'totality of the circumstances.'" *Nara v. Frank*, 488 F.3d 187, 193-94 (3d Cir. 2007) (internal citations omitted). "In particular we consider 1) the danger of prejudice to the other party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay—and whether it was within the movant's control; and 4) whether the movant acted in good faith." *Id.* Even assuming Chruby acted in good faith, the Court finds that Rule 60(b)(1) provides Plaintiff no basis for relief.

First, Defendants would be prejudiced by having to return to federal court after over a year of litigating Chruby's breach of contract claim in various state courts. Second, Plaintiff filed his motion to vacate nearly a year after the Court dismissed the Third Amended Complaint. Third, Chruby had a forum to litigate his breach of conflict claim. He could have properly transferred the action to state court pursuant to Section 5103. However, Plaintiff failed to follow the dictates of the statute—a matter that was entirely within Chruby's control.

Chruby's counsel contends, without an accompanying affidavit, that he was misled about the requirements of Section 5103 by this Court's Clerk's Office. (Doc. 191 at ¶ 9). Plaintiff offers no evidence of any communication with the Clerk's Office. Accordingly, the Court rejects Plaintiff's argument premised upon such allegations. Nevertheless, even if the Court were to accept Plaintiff's allegations as true, this would not excuse Chruby's counsel's carelessness or ignorance of state law. *See Andrews*, 690 F. Supp. at 364.

8

Finally, the Third Circuit's decision in *Perry*, 328 F. App'x 785 supports the conclusion that Chruby cannot attain relief under Rule 60(b)(1). Perry brought federal and state law claims in the District Court for the Western District of Pennsylvania. *Id*. at 786. The defendant raised a jurisdictional objection to the plaintiff's federal claims. *Id*. at 785. Although Perry was aware that the Supreme Court granted certiorari to resolve whether the jurisdictional bar at issue existed, she chose to dismiss her federal claims and transfer the case to state court. *Id*. at 786.

Over the next seven years, Perry litigated her state claim in the Court of Common Pleas of Mercer County. *Id*. at 787. After discovery closed, the state court "noted sua sponte that it appeared that the case was not properly before the court" because Perry "failed to file a complaint, certified copies of the federal pleadings or transcript of the federal proceedings at any point in her state case, an omission that had gone unnoticed by either party until then." *Id*. As a result, the state court dismissed the action without a determination on the merits. *Id*. Perry then moved to vacate the dismissal of her federal complaint pursuant to Rule 60(b)(1). *Id*. The District Court denied her motion, and the Court of Appeals affirmed. *Id*.

Applying the *Nara* factors, the Third Circuit concluded that Rule 60(b)(1) did not entitle her to relief. *Id*. at 788. The Circuit noted,

> While we sympathize with Perry's quest for a forum to adjudicate the merits of her claim, the procedural irregularities which precluded a determination of the merits of her state court claims do not elevate the situation to a case of excusable neglect with regard to her abandoned federal claims. The proper avenue of relief, as the District Court noted, is Perry's pending appeal in the Pennsylvania Superior Court.

*Id*.

9

The case at bar parallels *Perry* in several respects. There, as here, a federal plaintiff

dismissed her federal claims and attempted to transfer a remaining state claim to state court. *Id*.

at 786. Perry, like Chruby, "had filed a copy of the federal docket sheet in state court but had

failed to file . . . certified copies of the federal pleadings . . . at any point in her state case." *Id*. at

787. In both cases, the state courts dismissed the plaintiffs' claims without adjudication on the

merits. *Id*. Nonetheless, the Third Circuit affirmed the denial of Perry's Rule 60(b)(1) motion to

reopen. *Id*.

In sum, Plaintiff is not entitled to relief under Rule 60(b)(1).

### C. Rule 60(b)(6)

Lastly, Chruby contends, in the alternative, that he is entitled to relief under Rule

60(b)(6). (Doc. 188 at ¶ 32). Rule 60(b)(6) acts as a "catch-all provision" and authorizes courts

to relieve a party from a final judgment for "any other reason that justifies relief." *Budget Blinds,*

*Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008). Rule 60(b)(6) relief requires "extraordinary

circumstances." *Id*. "This requirement exists in order to balance the broad language of Rule

60(b)(6), which allows courts to set aside judgments for 'any' reason justifying relief, with the

interest in the finality of judgments." *Id*. at 255. "Rule 60(b)(6) exists so that courts may vacate

judgments whenever such action is appropriate to accomplish justice, in situations that are not

addressed by the other five clauses of Rule 60(b)." *Id*. at 254 (internal citations and quotation

marks omitted). The Court of Appeals has stated,

> We have explained that a showing of extraordinary circumstances involves a
> showing that without relief from the judgment, an extreme and unexpected
> hardship will result. This hardship requirement may sometimes be satisfied when

10

the judgment precluded an adjudication on the merits. But extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices.

*Id.* at 255 (internal citations and quotation marks omitted).

Here, the record does not present the sort of "extraordinary circumstances" necessary for Chruby to attain relief under Rule 60(b)(6). *See Budget Blinds*, 536 F.3d at 251. Chruby argues that extraordinary circumstances exist since "Plaintiff is now left without legal recourse if this Court does not reopen the instant matter." (Doc. 191 at ¶ 19). Plaintiff cites *O'Brien v. Real Estate Mortg. Network, Inc.*, 2009 WL 2595639 (D.N.J. 2009). In *O'Brien*, the Court stated, "Plaintiffs would face 'extreme and unexpected hardship,' *through no fault of their own*, if this Court denied them redress for the resolution of their case without reaching the merits." *Id.* at *2 (emphasis added). However, as stated, any hardship Plaintiff faces is the product of his own "deliberate choices" by failing to adhere to Section 5103. *See Budget Blinds*, 536 F.3d at 255.

Moreover, the facts of *O'Brien* are inapposite to the instant action. There, the parties met for a settlement conference. *Id.* at *1. "At that conference, the parties placed the preliminary terms and conditions of a settlement agreement on the record." *Id.* "Relying on the representation that the case was settled," the *O'Brien* Court "entered a sixty-day order and dismissed the case, without prejudice[.]" *Id.* Thereafter, the parties indicated that no final settlement had been reached, and the plaintiffs moved to reopen the case. *Id.* Although that Court concluded that Rule 60(b)(6) relief was warranted, *O'Brien* bears little resemblance to the case at bar. *See id.* None of the facts that justified relief there are present here.

Thus, Plaintiff is not entitled to relief under Rule 60(b)(6).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motion to supplement (Doc. 191)

but will deny his motion to vacate (Doc. 188). A separate Order follows.

Robert D. Mariani
United States District Judge